## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| ESTHER MYRTLE SOLOMON, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 4:22-CV-00016 JAR |
| ) | |
| ANN SPALL, et al., ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's objections to the notice of removal and jurisdictional challenge (Doc. Nos. 11, 12) which the Court has construed as a motion to remand. Defendant Andrew Mehalko filed a response in opposition to Plaintiff's motion (Doc. No. 16); Defendant Ann Spall has joined in that response (Doc. Nos. 17, 18). Plaintiff filed a reply. (Doc. No. 19). The motion is, therefore, fully briefed and ready for disposition. For the following reasons, Plaintiff's motion to remand will be denied.

**Background**

On November 3, 2021, Plaintiff filed this action against Defendants Ann Spall, Chief Financial Officer of Fontbonne University, and Andrew Mehalko, Chief Financial Officer of FedLoan Servicing, in the Circuit Court of St. Louis County, Missouri. See Solomon v. Spall, et al., Case No. 21SL-CC05272 (21st Jud. Cir.). (Doc. No. 3). Plaintiff appears to take issue with the assignment of servicing rights for her federal student loan to FedLoan Servicing. She alleges claims of negligence, breach of fiduciary duties, unjust enrichment, and fraud and seeks a permanent injunction against Defendants.

1

With Spall's consent, Mehalko timely removed the case to this Court on January 5, 2022 based on diversity jurisdiction. (Doc. Nos. 1, 1-2). In his notice of removal, Mehalko asserts that Plaintiff is a resident and citizen of the state of Colorado; Spall is a resident and citizen of Missouri; Mehalko is a resident and citizen of Pennsylvania; and that Plaintiff's claims exceed $75,000. To the extent Plaintiff's action could be interpreted to allege federal causes of action, Mehalko also asserts removal was proper based on federal question jurisdiction, 28 U.S.C. § 1331.

Plaintiff objects to removal, challenging this Court's jurisdiction and demanding the case be remanded. Plaintiff states, "THE CIRCUIT COURT OF ST. LOUIS COUNTY, STATE OF MISSOURI was the first to take jurisdiction of this cause;" "[Plaintiff] denies giving consent and/or jurisdiction to the United States District Court in this cause;" and "[Plaintiff] denies filing and/or consenting to the Notice of Removal." (Doc. No. 12 at ¶¶ 7, 8, 10). Plaintiff further states that "[a]s agents of their respective corporations, Andrew Mehalko, CFO of FedLoan Servicing and Ann Spall, CFO of Fontbonne University have expert and personal knowledge to provide answers and discoveries for [Plaintiff's] Bill in Equity." (Id. at ¶ 6).

**Discussion**

Cases filed in state court may be removed to federal court if the case would have been within the original jurisdiction of the federal courts. See 28 U.S.C. § 1441(a). If there is no original jurisdiction over the case, the matter must be remanded to state court. The burden of demonstrating removal jurisdiction falls upon the party seeking removal. Hubbard v. Federated Mut. Ins. Co., 799 F.3d 1224, 1227 (8th Cir. 2015). That means, in a diversity action, the party seeking removal to federal court must establish that there exists complete diversity among the parties and that the amount in controversy prerequisite is satisfied. See 28 U.S.C. § 1332(a).

There is no question that diversity exists in this case. Plaintiff is a citizen and resident of Colorado (Doc. No. 1-1 at 1); Spall is a resident and citizen of Missouri (Declaration of Ann M. Spall, Doc. No. 16-2 at ¶ 3); and Mehalko is a resident and citizen of Pennsylvania (Declaration of Andrew Mehalko, Doc. No. 16-1 at ¶ 3). Additionally, Defendants contend the amount in controversy requirement for diversity jurisdiction is likely satisfied.

Where, as here, the initial pleading does not state the amount in controversy, the defendant's notice of removal may do so. 28 U.S.C. § 1446(c)(2)(A). To assert the amount in controversy adequately in the removal notice, the defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" and "need not [include] evidentiary submissions." Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547, 554, 551 (2014); see also Carter v. Nationwide Ins. Co. of Am., No. 4:19CV01655 PLC, 2019 WL 3457618, at *2 (E.D. Mo. July 31, 2019). "Evidence establishing the amount in controversy is required … only when the plaintiff contests, or the court questions, the defendant's allegation" in the notice of removal. Dart Cherokee, 135 S. Ct. at 554. Importantly, "when determining the amount in controversy, the question is not whether the damages *are* greater than the requisite amount, but whether a fact finder *might* legally conclude that they are." Raskas v. Johnson & Johnson, 719 F.3d 884, 887 (8th Cir. 2013) (emphasis in original) (internal quotation marks and citations omitted); accord Dammann v. Progressive Direct Ins. Co., 856 F.3d 580, 584 (8th Cir. 2017); Kopp v. Kopp, 280 F.3d 883, 885 (8th Cir. 2002).

Plaintiff does not demand a specific amount of damages in her petition. In his notice of removal, Mehalko alleges Plaintiff is seeking full discharge of her student loans, which amounts to approximately $60,000.00 (Doc. No. 1 at ¶ 15), as well as "special and general damages," which

3

likely includes punitive damages (id. at ¶ 16). Mehalko further alleges the value of injunctive relief must also be included in the calculation of the amount in controversy. (Id. at ¶¶ 17, 18). In light of these damages, Mehalko asserts that the jurisdictional amount in controversy is likely satisfied. (Id. at ¶ 19). Plaintiff has not contested these allegations nor offered any evidence to the contrary. Consequently, the Court finds Defendants have plausibly alleged that the amount in controversy exceeds the $75,000 jurisdictional threshold.

**Conclusion**

Because this action was properly removed based on diversity jurisdiction, remand is inappropriate, and Plaintiff's motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to remand is **DENIED.**

**IT IS FURTHER ORDERED** that the **STAY** on briefing Defendants' motions to dismiss is **LIFTED**. Within fourteen (14) days of the date of this order, and **no later than Thursday, March 17, 2022**, Plaintiff shall file her responses to Defendants' motions to dismiss.

Dated this 3rd day of March, 2022.

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　**JOHN A. ROSS**
　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**